**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MELISSA SMITH,**

                **Plaintiff,**

-vs-                                              **Case No. 6:11-cv-1110-Orl-31KRS**

**CITY OF NEW SMYRNA BEACH,**

                **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Strike Affirmative Defenses (Doc. 26) filed by the Plaintiff, Melissa Smith ("Smith"), and the response (Doc. 28) filed by the Defendant, New Smyrna Beach (the "City").

In this gender discrimination case, Smith, a firefighter and paramedic, contends that she suffered sexual harassment and, after complaining about it, retaliation. She has asserted claims under both Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. In its Amended Answer (Doc. 25), the City raises 16 affirmative defenses. Smith seeks to have all 16 stricken for failing to satisfy the pleading requirements set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Without reaching the issue of whether *Twombly* and *Iqbal* apply, the Court concludes that the affirmative defenses must be stricken. The affirmative defenses suffer from a host of deficiencies, including the fact that a number of them are not affirmative defenses but mere denials

of one or more elements of the Plaintiff's claims.[1]  Others appear to describe valid affirmative defenses but fail to assert that the defense applies in this case.[2]  The City's final affirmative defense is nothing more than an assertion of a right to amend its answer if it comes up with any more affirmative defenses.  (Doc. 25 at 6).

The purported affirmative defenses share one shortcoming: They are entirely devoid of specifics.  They contain nothing from which the reader could conclude that the City actually believes that they apply in this case.  Rather, the affirmative defenses appear to be simply a generic list of defendant-friendly conclusions that could conceivably be reached in an employment discrimination case.  Even when challenged, the City provides no support for its pleading, nothing to suggest that it has reviewed this matter and has a good faith belief that these issues will need to be resolved.  While affirmative defenses may not have to meet the *Twombly/Iqbal* standard, they must be more than boilerplate.

In consideration of the foregoing, it is hereby

---

[1] For example, "As its eleventh Affirmative Defense, this Defendant would assert that Plaintiff cannot prove that Defendant's alleged discriminatory and/or retaliatory act or acts were the proximate or legal cause of damages sustained by the Plaintiff."  (Doc. 25 at 7).

[2] As an example, the City's second affirmative defense discusses (in somewhat overbroad terms) the Plaintiff's obligation to present her claims to the EEOC before filing suit:  "[T]his Defendant would assert that any and all claims made by Plaintiff in her Complaint that were not specifically set forth in a complaint or Charge of Discrimination timely filed with the Equal Employment Opportunity Commission, or any deferral agency, cannot be the basis for any claim of discrimination against this Defendant".  (Doc. 25 at 5-6).  The City does not actually assert that the Plaintiff failed to present any of her claims to the pertinent agency.

**ORDERED** that the Motion to Strike Affirmative Defenses is **GRANTED**, and the Defendant's affirmative defenses are **STRICKEN**. Should it wish to do so, the City may file an amended answer and affirmative defenses on or before December 19, 2011.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 7, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party